IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.                                      )   Criminal No. 08-342<br>)<br>MICHAEL WISE                    ) | |

## Opinion & Order on Pretrial Discovery Motions

Presently before the Court are Defendant's "Motion for Pre-Trial Discovery Under Rule 16" (Doc. 40), "Motion for Notice of Intention to Use Evidence of Convictions or Other Bad Acts Under Federal Rules of Evidence 403, 404(b) and 609" (Doc. 41), and "Motion for Disclosure of Exculpatory Evidence" (Doc. 42), "Motion for Disclosure of Impeachment Evidence" (Doc. 43), and the Government's Response thereto (Doc. 44).

Defendant Michael Wise is charged with one count of possession of material depicting the sexual exploitation of a minor in violation of 18 U.S.C. § 2552(a)(4).

### I. Motions for Rule 16 Discovery, Exculpatory, and Impeachment Evidence

Defendant has filed several motions seeking pretrial production of the following: a variety of material pursuant to Rule 16; exculpatory and impeachment material under Brady v. Maryland, 373 U.S. 83 (1963), including defendant's oral statements, written statements, and prior record statements; documents and objects material to the preparation of the defense; items intended for use by the government in its case-in-chief or any item which was obtained from the defendant or which belongs to the defendant; reports of examinations; and tests and summaries of expert observations for use at trial; and material pursuant to the Jencks Act, 18 U.S.C. § 3500.

As succinctly stated by the appellate court in United States v. Ramos, 27 F.3d 65 (3d Cir. 1994):

> [c]riminal pretrial discovery is, of course, vastly different from discovery in civil cases. In contrast to the wide-ranging discovery permitted in civil cases, Rule 16 of the Federal Rules of Criminal Procedure delineates the categories of information to which defendants are entitled in pretrial discovery in criminal cases, with some additional material being discoverable in accordance with statutory pronouncements and the due process clause of the Constitution. The Jencks Act requires that after each government witness has testified on direct examination, the government must produce to the defense "any statement" made by the witness which relates to his or her testimony. In Brady [v. Maryland, 373 U.S. 83 (1963)], the Supreme Court held that due process required that the government produce all "exculpatory" evidence, which includes both "[m]aterials ... that go to the heart of the defendant's guilt or innocence and materials that might affect the jury's judgment of the credibility of a crucial prosecution witness. United States v. Hill, 976 F.2d 132, 134-35 (3d Cir.1992).

Id. at 67-68. See also United States v. Bagley, 473 U.S. 667, 672 (1985) ("the prosecutor is not required to deliver his entire file to defense counsel, but only to disclose evidence favorable to the accused that, if suppressed, would deprive the defendant of a fair trial")

Unless Rule 16(a)(1) provides otherwise, "this rule does not authorize the discovery or inspection of reports, memoranda, or other internal government documents made by an attorney for the government or other government agent in connection with investigating or prosecuting the case." Fed.R.Crim.P. 16(a)(2). "Nor does this rule authorize the discovery or inspection of statements made by prospective government witnesses except as provided in 18 U.S.C. § 3500 [(the Jencks Act)]." Fed.R.Crim.P. 16(a)(2).

The Jencks Act provides in relevant part as follows:

> (a) In any criminal prosecution brought by the United States, no statement or report in the possession of the United States which was made by a Government witness or prospective Government witness (other than the defendant) shall be

2

the subject of subpoena, discovery, or inspection until said witness has testified on direct examination in the trial of the case.

(b) After a witness called by the United States has testified on direct examination, the court shall, on motion of the defendant, order the United States to produce any statement (as hereinafter defined) of the witness in the possession of the United States which relates to the subject matter as to which the witness has testified. If the entire contents of any such statement relate to the subject matter of the testimony of the witness, the court shall order it to be delivered directly to the defendant for his examination and use.

. . . .

18 U.S.C. § 3500(a) & (b).

Pursuant to Brady v. Maryland, 373 U.S. 83 (1963), the government is obligated to disclose exculpatory evidence without undue delay. "To establish a Brady violation, it must be shown that (1) evidence was suppressed; (2) the evidence was favorable to the defense; and (3) the evidence was material to guilt or punishment." United States v. Risha, 445 F.3d 298, 303 (3d Cir. 2006), citing United States v. Pelullo, 399 F.3d 197, 209 (3d Cir.2005).

In response to Defendant's motion for discovery, the government initially states that it had already provided Rule 16 discovery material to Defendant's first counsel, Vincent Baginski. Mr. Baginski, however, had to withdraw for medical reasons and present counsel was appointed for Defendant. The government notes that if new counsel has concerns that he has not received all Rule 16 material, or if he wishes to view the hard drive, he should contact the government who will deliver any missing items and arrange for an examination of other evidence.

Specifically, the government states that there were no written or recorded statements by the Defendant, that the Defendant's criminal history was provided at the time of arraignment, and that it will accommodate any reasonable request for discovery of documents

3

and tangible objects. In addition, the government notes that a preliminary forensic report was prepared in this case and was disclosed to the Defendant, and that the National Center for Missing and Exploited Children has identified known child victims among the images and video files. The government intends to provide Defendant with any expert testimony it will use in its case-in-chief, along with the expert's curriculum vitae, two weeks prior to trial.

The government also states that it is "unaware of any material that it would deem as material and exculpatory that pertains to the defendant." (Government's Omnibus Response to Defendant's Pretrial Motions, at 23.) Finally, the government indicates its willingness to provide any impeachment information and Jencks Act materials at least three business days prior to trial.

It appears that the government has complied with its Rule 16 obligations, and thus we will deny the motion for pretrial discovery under Rule 16 without prejudice. As noted, Defendant has new counsel that may not have received all Rule 16 material. After consultation with the government if defendant's new counsel determines that the Defendant is entitled to further Rule 16 material from the government, he may file an appropriate motion.

The government indicates that at this time it is unaware of any Brady material that it would deem material and exculpatory, but will provide any such material that arises three days prior to trial. With regard to Jencks material, there is no basis upon which the court can order the government to provide Jencks material prior to the time a witness has testified on direct examination at trial. Although the government indicates its willingness to provide the above material three business days before trial, we encourage the government to provide

4

Defendant with these materials approximately one week prior to trial in order to avoid any unnecessary interruptions or delays during trial.

## II. Motion for Notice of Intention to Use Evidence of Convictions or Other Bad Acts Under Federal Rules of Evidence 403, 404(b) and 609

The Defendant requests that the Court require the government to produce evidence it intends to use under Rules 403, 404(b) and 609. Specifically, Defendant seeks disclosure of any evidence of "prior bad acts" as well as a notice from the government of its intentions regarding the admission of evidence of prior convictions.

The government responds that it has not yet identified which specific other acts by defendant it intends to use under Rule 404(b) and 609. The government explains that it will provide notice of any such evidence it intends to present at least 10 days prior to trial. We find that such notice is adequate. Accordingly, Defendant's motion will be denied as moot.

ORDER

AND NOW, this 6th day of April, 2010, it is hereby ORDERED, ADJUDGED and DECREED as follows.

1. Defendant's Motion for Pre-Trial Discovery under Rule 16 (Doc. 40) be and hereby is DENIED.

2. Defendant's Motion for Disclosure of Exculpatory Evidence (Doc. 42) be and hereby is DENIED.

**3.** Defendant's Motion for Disclosure of Impeachment Evidence (Doc. 43) be and hereby is DENIED.

**4.** Defendant's Motion for Notice of Intention to Use Evidence of Convictions or Other Bad Acts Under Federal Rules of Evidence 403, 404(b) and 609 (Doc. 41) be and hereby is DENIED.

IT IS FURTHER ORDERED that the government shall disclose all Jencks material in accordance with 18 U.S.C. § 3500(b), but with encouragement to disclose such material, as well as Brady material, no later than one week prior to trial.

_Maurice B. Cohill, Jr._
Maurice B. Cohill, Jr.
Senior District Court Judge